IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

JASMINE P. SHAH,                          )
PETER I. SHAH, and                        )
JANUM MANAGEMENT, LLC,                     )
                                          )
                  Plaintiffs,             )        CIVIL ACTION NO. 3:12-cv-119
                                          )        JUDGE KIM R. GIBSON
      v.                                  )
                                          )
UNITED STATES OF AMERICA,                  )
                                          )
                  Defendant.              )

## MEMORANDUM OPINION AND ORDER

### I.     SYNOPSIS

This matter comes before the Court on the United States' Motion to Dismiss Plaintiffs'

Complaint (Doc. No. 17) and Plaintiffs' Motion to Amend Complaint (Doc. No. 24).   For

reasons that follow, the Court will **GRANT** United States' Motion to Dismiss and **DENY**

Plaintiffs' Motion to Amend.

### II.    JURISDICTION

Federal Courts are courts of limited jurisdiction, presumed not to have jurisdiction

without affirmative evidence of this fact. *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692

F.3d 283, 293 (3d Cir. 2012).   The party asserting a federal court's jurisdiction bears the burden

of proving that jurisdiction exits.   *Id.*   Plaintiffs cite several statutory provisions which they

contend give the Court jurisdiction over this action.   (See Doc. No. 1 at 2.)   District Courts have

an independent obligation to address issues of subject matter jurisdiction,[1] *Nuveen Mun. Trust,*

---

[1] Although the United States does not specifically identify the subsection of Federal Rule of Civil Procedure 12(b) pursuant to which the instant Motion to Dismiss is brought, to the extent that the United States has argued that Plaintiffs' claims are barred by sovereign immunity, the United States appears to seek dismissal of Plaintiffs' claims

692 F.3d at 293, and should this Court find subject matter jurisdiction lacking, Plaintiffs'

Complaint would be dismissed without prejudice, permitting Plaintiffs, *pro se* litigants, leave to

amend their Complaint to establish a basis for subject matter jurisdiction. Despite Plaintiffs'

assertions, however, this Court lacks subject matter jurisdiction over Plaintiffs' monetary claims,

brought pursuant to the Federal Tort Claim Act and 26 U.S.C. § 7426(h), because the United

States has not waived its sovereign immunity for the claims Plaintiffs assert, as discussed more

fully below (see *infra* Part V.A.1). From the face of Plaintiffs Complaint, it is questionable

whether this Court has jurisdiction over Plaintiffs' non-monetary claims.[2] However, because the

Court concludes, for reasons explained below, that even if Plaintiffs amended their Complaint to

---

for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The United States' Motion to Dismiss is not accompanied by a sworn statement of facts and does not challenge any of the facts alleged in Plaintiffs' Complaint, the Court will treat that portion of Plaintiffs Motion to Dismiss as a facial Rule 12(b)(1) motion. This Court understands the remainder of the United States' Motion to Dismiss to be brought pursuant to Rule 12(b)(6).

[2] Plaintiffs assert that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1361 and 26 U.S.C. §§ 7402, 7426, and 7433. Title 28, Section 1340 of the United States Code provides that district courts "shall have jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." While this statute constitutes a general grant of jurisdiction for courts to entertain certain civil actions, it does not provide a waiver of the United States' sovereign immunity, see *Quinn v. Hook*, 231 F. Supp. 718, 719 E.D. Pa. 1964), without which subject matter jurisdiction does not exist. Title 28, Section 1361 of the United States Code grants district courts original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This statute does not appear to apply to the relief Plaintiff seeks. Title 26, Section 7402 grants district courts, *at the instance of the United States*, jurisdiction to make and issue writs and orders of injunction and other orders and processes, and to render judgments and decrees as may be necessary or appropriate for the enforcement of internal revenue laws. 28 U.S.C. § 7402(a). It also provides for jurisdiction over actions to quiet title and actions for damages, however, only when such actions are brought by the United States. 28 U.S.C. § 7402(c), (e). This Section therefore does not grant this Court jurisdiction over the claims in the instant action, brought by Plaintiffs. Plaintiffs appear to have disclaimed their assertion that jurisdiction is proper pursuant to 28 U.S.C. § 7433. (See Doc. No. 16 at 6.) In any event, subject matter jurisdiction does not exist pursuant to 26 U.S.C. § 7433, because this section requires that Plaintiffs first exhaust their administrative remedies, which Plaintiffs have not alleged. See *infra* Part V.A.1.b. Plaintiffs also cite 26 U.S.C. 7430 as a basis for awarding costs in their Response to the United States' Motion to Dismiss (see Doc. No. 26 at 1), however, this statute does not contain an independent grant of jurisdiction, see *Hillyer v. Commissioner*, No. 4:cv-95-0709, 1995 U.S. Dist. LEXIS 16085, at *2 (E.D. Pa. Oc.t 13, 1995); *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988), and therefore this section does not provide this Court with jurisdiction over Plaintiff's underlying claims. Plaintiffs also cite 28 U.S.C. § 2410 in their complaint, although they do not explicitly assert it as a basis for jurisdiction. For the protection of the United States, this statute permits the United States to be named a party in actions to quiet title to, to foreclose a mortgage or other lien upon, to partition, to condemn, or of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien. The only provision that is potentially applicable here is an action to quiet title. Plaintiffs, however, fail to assert this as a basis of jurisdiction or meet their burden of demonstrating how this section applies.

clearly state a basis for subject matter jurisdiction, Plaintiff's claims would be barred by *res judicata*, the Court will grant the United States' Motion to Dismiss, without leave to amend.

## III. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute between Plaintiffs Peter and Jasmine Shah (hereinafter "the Shahs") and Janum Management LLC (hereinafter "Janum") and the United States over property (hereinafter the "property" or "Real Property") owned by Plaintiffs[3] in Clearfield County, Pennsylvania, upon which the United States seeks to foreclose pursuant to an Order previously entered by this Court in *United States v. R.S. Carlin*, No. 3:10-cv-272[4] (hereinafter "the *R.S. Carlin* matter" or "*R.S. Carlin*") (3:10-cv-272, Doc. No. 30).

This case traces its origins to the alleged failure of a now defunct Pennsylvania corporation, R.S. Carlin, to pay taxes to Clearfield County, Pennsylvania for the 2006 tax year and to the IRS for tax years 1994, 1996, 1997, 1998, and 1999. (See 3:10-cv-272, Doc. No. 1 at 2-4). In an effort to recover the unpaid taxes, Clearfield County sold two tracts of R.S. Carlin's land in 2008 to Janum Management LLC (hereinafter "Janum") in a tax sale. (See Doc. No. 1 at 4; 3:10-cv-272, Doc. No. 1 at 4). Two years later, in November 2010, the United States filed a Complaint for Federal Taxes in this Court naming R.S. Carlin and Janum as Defendants. (See 3:10-cv-272, Doc. No. 1 at 4.) The United States acknowledged the property was purchased by

---

[3] In light of the procedural posture of this case, the Court accepts as true the factual allegations of Plaintiffs' Complaint. See *infra* Part IV.

[4] Because the instant action is related to *United States v. R.S. Carlin*, Case Number 3:10-cv-272, this Memorandum Opinion will cite to the record in that case on occasion. Because resolution of the instant matter depends in part on the facts and circumstances of *United States v. R.S. Carlin*, 3:10-cv-272, the Court takes judicial notice of the record in that case, as permitted when adjudicating a 12(b)(6) motion. See *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)). Citations to the record in Case Number 3:10-cv-272 will be identified by the Court's reference to 3:10-cv-272 followed by a comma and the relevant document and page number. Where a citation contains a reference to documents in both the instant case and Case Number 3:10-cv-272, the document(s) cited in the instant case will not be preceded by a case number and will be set off from the case number referencing the *R.S. Carlin* matter by a semi-colon.

3

Janum from Clearfield County but alleged the County's Tax Claim Bureau did not give notice of the 2008 sale to the United States or the Internal Revenue Service and that the IRS' outstanding tax liens therefore remained in effect on the property. (*Id.* at 4-5).

In February 2011, Peter Shah, as managing member of Janum and "current owner of the subject property," filed an Answer to the United States' Complaint on behalf of Janum. (See 3:10-cv-272, Doc. No. 8 at 1.) Following a status conference attended by the United States and Mr. Shah, on behalf of Janum, during which the Court encouraged Mr. Shah to obtain an attorney (see 3:10-cv-272, Doc. No. 12), the United States moved for a default judgment against Defendant R.S. Carlin (see 3:10-cv-272, Doc. No. 15). Mr. Shah, again on behalf of Janum, filed a Response in Opposition to the United States' Motion for Default Judgment. (See 3:10-cv-272, Doc. No. 17.) In November 2011, the Court ordered Janum to obtain counsel within sixty days, or show cause why a default judgment should not be entered against it. (See 3:10-cv-272, Doc. No. 25.) A default judgment was subsequently entered against R.S. Carlin. (See 3:10-cv-272, Doc. No. 27.)

Upon finding that Janum failed to obtain counsel or show cause why a default judgment should not be entered against it, the Court entered a default judgment against Janum on April 2, 2012 and ordered that the federal tax liens be foreclosed against the property. (See 3:10-cv-272, Doc. No. 30). Prior to the Court's entry of the default judgment against Janum, Janum attempted to file a "Response to Motion for Entry of Default Judgment" (3:10-cv-272, Doc. No. 31), but this Response was not docketed until April 3, 2013 (see 3:10-cv-272, Doc. No. 32 at 1). On April 3, 2012, however, the Court reaffirmed the default judgment against Janum and struck the Response filed by Janum. (See *id.* at 1.) The Court noted that Janum had failed to obtain counsel or show good cause as to why the company had not obtained an attorney. (See *id.* at 1-

4

2.) The Court also pointed out that Mr. Shah had continued to appear on behalf of Janum despite the Court's admonitions. (See id.) The Court repeatedly struck documents filed by Mr. Shah, including his Answer to the United States' Complaint and documents filed after the Court entered the default judgment against Janum, because Mr. Shah was not a party to the case or Janum's attorney. (See 3:10-cv-272, Doc. No. 26; 3:10-cv-272, Doc. No. 43.)

During the pendency of the *R.S. Carlin* matter, on November 2, 2011, the Shahs, as owners of Janum, transferred the Real Property at issue from Janum to themselves for ten dollars. (See Doc. No. 1 at 3, 8-9.) Subsequently, in June 2012, Janum, and the Shahs as the new property owners, filed a Complaint in the instant matter against the United States to recover damages, and for other relief, allegedly incurred due to the foreclosure ordered by the Court in *R.S. Carlin*, on the grounds that the United States' lien on the property expired when the government failed to re-file a Notice of Federal Tax Lien. (See Doc. No. 1 at 3-5.) Plaintiffs also filed an "Instant Motion for Injunction" (Doc. No. 8), which this Court construed as containing a request for a preliminary injunction (see Doc. No. 16 at 1). Plaintiffs' request for a preliminary injunction was denied (see Doc. No. 16), however, in response to Plaintiffs' "Instant Motion for Injunction," the United States agreed not to execute the *R.S. Carlin* Order of Sale until resolution of this case (see Doc. No. 13 at 1).[5] The United States subsequently filed a Motion to Dismiss on October 4, 2012, (Doc. No. 17), accompanied by a Brief in Support (Doc. No. 18). Plaintiffs opposed the United States' Motion to Dismiss through three filings: Document Numbers 26, 27, and 31. The United States filed a Reply Brief in Support of Its

---

[5] Plaintiffs have also filed a "Demand of Proof or Permanent Injunction" (Doc. No. 15) which is currently pending before the Court. However, in light of the Court's ruling on the United States' Motion to Dismiss, this Motion and Plaintiffs' "Demand of Proof or Permanent Injunction" (Doc. No. 15) and request for a permanent injunction, to the extent such a request is contained in Plaintiffs' "Instant Motion for Injunction" (Doc. No. 8), will be denied as moot, as further stated in the accompanying Order.

Motion to Dismiss (Doc. No. 30) after being granted leave to do so by the Court (see Doc. No. 29). Plaintiffs also filed a motion to amend their Complaint, entitled "Request to Amend" (hereinafter Plaintiffs' "Motion to Amend") on October 24, 2012 (Doc. No. 24), which the United States opposes (Doc. No. 25). Both the United States' Motion to Dismiss and Plaintiffs' Motion to Amend are now ripe for disposition. The Court will address both the United States' Motion to Dismiss and the Plaintiffs' Motion to Amend in the instant Memorandum Opinion.

## IV.    STANDARD OF REVIEW

As stated above, the plaintiff bears the burden of proving that subject matter jurisdiction exists. See *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012). In *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977), "the Third Circuit explained that Rule 12(b)(1) motions fall into two categories: facial and factual." *Abulkhair v. Bush*, No. 08-cv-5410 (DMC) (MF), 2010 U.S. Dist. LEXIS 59027, at *9-10 (D. N.J. June 14, 2010). As succinctly explained by the District Court for the District of New Jersey,

> "A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction." [*Int't Dev. Corp. v. Richmond*, No. 09-2495 (GBE), 2009 U.S. Dist. LEXIS 106326, at *2 (D. N.J. Nov. 13, 2009).] Accordingly, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In contrast, when the court considers a factual attack on jurisdiction under 12(b)(1), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. No presumption of truthfulness attaches to the allegations of the complaint insofar as they concern subject matter jurisdiction. *Id.* Should factual issues arise regarding subject matter jurisdiction, the court may consider exhibits outside the pleadings. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). "In general, when a Rule 12(b)(1) motion is supported by a sworn statement of facts, the court should treat the Defendant's challenge as a factual attack on jurisdiction." *International Development Corporation v. Richmond*, 2009 U.S. Dist. LEXIS 106326, at * 2 . . . .

*Abulkhair v. Bush*, 2010 U.S. Dist. LEXIS 59027, at *9-11.

Where subject matter jurisdiction exists, The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a complaint or portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a pleading party's complaint must provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009)). In determining whether the well-pleaded factual allegations plausibly give rise to an entitlement for relief, the court must be mindful that the matter pleaded need not include "detailed factual allegations." See *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555). Moreover, a pleading party "need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 213 (3d Cir. 2009). However, the factual allegations "must be enough to raise a right to relief above the speculative level." *Phillips*, 515 F. 3d at 232 (quoting *Twombly*, 550 U.S. at 555). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556 n.3). "[L]egal conclusions" and

7

"[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal*, 556 U.S. at 678. When considering a *pro se* plaintiff's complaint, a court must construe it liberally in favor of the plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

"Generally, to the extent that a court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (internal citations and alterations omitted). "The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." (*Id.*)

If a district court determines that a complaint is vulnerable to 12(b)(6) dismissal, the court must permit a curative amendment, irrespective of whether Plaintiffs seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236. In addition, pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); see *Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003).

Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d

Cir. 1990); Fed. R. Civ. P. 15(a)(1)(2). "The policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole*, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "An amendment is futile," for example "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989).

## V.     DISCUSSION

The United States' Motion to Dismiss will be discussed first and will be followed by a brief discussion of an argument made by Plaintiffs in response to the United States' Motion to Dismiss. The Court will then separately address Plaintiffs' Motion to Amend.

### A.  Defendant's Motion to Dismiss

Plaintiffs' original Complaint asks for several forms of relief, including vacating the default judgment against Janum entered in *R.S. Carlin*, a declaration that the Plaintiffs have valid and marketable title of the Real Property, a declaration that the federal tax lien cannot attach to the Real Property, issuance of a quitclaim deed to the property in favor of the Shahs, an award of damages to the Shahs and Janum, and an order mandating that the United States pay a $100,000.00 fine, plus an additional $1,000 per day from October 8, 2011.[6] (See Doc. No. 1 at 4-5). The United States argues that Plaintiffs' claims are barred by *res judicata*, Plaintiffs'

---

[6] Though unclear, Plaintiffs Complaint also appears to request a declaration that the United States cannot foreclose upon or sell the Real Property. (See Doc. No. 1 at 5.)

9

claims for damages are barred by the doctrine of sovereign immunity, Plaintiffs' request for punitive damages should be dismissed, and that Janum should be dismissed individually because the company is not represented by counsel. (See Doc. No. 17 at 1; Doc. No. 18 at 1-2). Plaintiffs dispute these arguments. (See generally Doc. No. 26; Doc. No. 27; Doc. No. 31.) Because the United States' argument respecting sovereign immunity bears on this Court's subject matter jurisdiction, the Court will address this argument first, followed by a discussion of *res judicata.*

1. **Plaintiffs' Claims for Damages Are Barred by the Doctrine of Sovereign Immunity.**

Plaintiffs' claims for damages are barred by the doctrine of sovereign immunity. Plaintiffs' Complaint seeks costs and monetary damages "for negligence in [allegedly] obtaining a unlawful Judgment to sell Real Property." (See Doc. No. 1 at 4-5). As sovereign, the Federal Government and its agencies are generally immune from suit. See *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because sovereign immunity is "jurisdictional in nature," absent a waiver of sovereign immunity, a district court lacks subject matter jurisdiction to review a plaintiff's claims. See *Gary v. Pa. Human Rels. Comm'n*, 497 F. App'x 223 (3d Cir. 2013). Congress has, however, "waived its immunity for a wide range of suits, including those that seek traditional money damages." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Damages may be available, for example, under the Federal Tort Claims Act (hereinafter "FTCA"). See *id.* Additionally, under the Internal Revenue Code, damages may be awarded against the United

States under Section 7426 (codified at 26 U.S.C. § 7426).[7]  Plaintiffs bring their claims for damages pursuant to both statutes.[8]  (See Doc. No. 26 at 1.)  Each will be addressed in turn.[9]

### a.  Plaintiffs Cannot State a Claim Under the Federal Tort Claims Act.

Plaintiffs in this case seek damages against the United States for allegedly obtaining an unlawful judgment with respect to the Real Property (see Doc. No. 1 at 4-5), which action, according to Plaintiffs, entitles them to damages pursuant to the Federal Tort Claims Act (see *id.*; Doc. No. 26 at 1) and constitutes "Slander of Title" for which Plaintiffs are also entitled to damages (see Doc. No. 26 at 1). "[C]laims of . . . slander of title are tort claims subject to the Federal Tort Claims Act ("FTCA")." *Munaco v. United States*, 502 F. Supp. 2d 614, 619 (E.D. Mich. 2007) aff'd, 522 F.3d 651 (6th Cir. 2008).

This controversy, however, stems from a dispute over a tax lien or levy,[10] arising from an alleged failure to pay taxes owed. The FTCA, however, does not apply to any "claim arising in respect of the assessment or collection of any tax or customs duty." 28 U.S.C.A. § 2680(c); see, e.g., *Asemani v. IRS*, 163 F. App'x 102, 105 (3d Cir. 2006).  Plaintiff's position is further weakened by the general premise that waivers of sovereign immunity are "to be strictly construed, in terms of its scope, in favor of the sovereign." *Blue Fox, Inc.*, 525 U.S. at 261. Plaintiffs offer no arguments that support the notion that "Slander of Title," or any other damages claim arising from the United States' attempt at tax collection, falls outside the scope of

---

[7] The Court will hereinafter refer to this provision, along with Section 7433, as codified in 26 U.S.C. §§ 7426 and 7433.

[8] In its Motion to Dismiss, the United States assumed Plaintiffs sought relief under 26 U.S.C. § 7433. (See Doc. No. 18 at 7-8.) Plaintiffs' Reply, however, clarified that Plaintiffs assert claims pursuant to Section 7426. (See Doc. No. 26.) The Court will therefore only address the latter provision.

[9] The Court notes that these claims are not clearly stated in Plaintiffs' Complaint, but rather are flushed out through Plaintiffs' supplemental filings in response to the United States' Motion to Dismiss. Given Plaintiffs' *pro se* status, the Court will address these arguments despite this deficiency.

[10] The Court finds it unnecessary to decide whether the Real Property is subject to a tax lien or levy. See *infra* note 12 and accompanying text.

Section 2680(c). Indeed, Section 2680(c) "specifically applies to *all* tax-related claims." *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 307 (5th Cir. 1985) (emphasis in original); see also *Lichtman v. United States*, 316 F. App'x 116, 120 (3d Cir. 2008).[11]  In a similar case, the Federal District Court for the Middle District of Pennsylvania found that plaintiff's claims challenging the IRS's alleged unlawful taking of plaintiff's property through tax assessments, IRS administrative levies, and the filing of liens, were not within the United States' waiver of immunity for purposes of tort claims. See *Olvany v. Shulman*, No. 4:10-cv-2087, 2011 U.S. Dist. LEXIS 58246 (M.D. Pa. May 10, 2011) (adopting the Report and Recommendation of the Magistrate Judge in *Olvany v. Shulman*, No. 4:10-cv-2087, 2011 U.S. Dist. LEXIS 58224 (M.D. Pa. May 10, 2011)); see *Olvany*, 2011 U.S. Dist. LEXIS 58224, at *2, 10 (Report and Recommendation). Instead, Title 26, Sections 7433 and 7426 of the United States Code provide a basis for actions arising out of actions of the IRS connected to the assessment and collection of taxes. See *Cool v. United States*, No. 1:12-cv-00568, 2012 U.S. Dist. LEXIS 147912, at *19-20 (M.D. Pa. Oct. 15, 2012). Because Plaintiffs' claims for damages do not fall within the United States' waiver of sovereign immunity pursuant to the FTCA , the Court lacks jurisdiction over these claims.

### b. The Court Lacks Jurisdiction over Plaintiffs' Claims for Damages Under U.S.C. 26 U.S.C.A. § 7426.

Plaintiffs in this case also seek damages pursuant to Section 7426 of the United States Code. (See Doc. No. 26 at 5-6.) The United States responds that Plaintiffs have failed to state a

---

[11] In any event, the FTCA requires that an action in tort against the government be *first* presented to the appropriate Federal agency and *have been finally denied* by the agency *in writing* before an action is instituted against the United States pursuant to the Act, although the failure of an agency to make a final disposition of a claim within six months shall, at the option of the claimant, be deemed a final denial of the claim. See 28 U.S.C. § 2675. Plaintiffs have not alleged such a final disposition.

claim for which relief can be granted under Section 7426, because the property at issue was subject to a tax lien, not a levy[12] and because Plaintiffs' claims fall outside the Court's jurisdiction as a result of Plaintiffs' failure to exhaust their administrative remedies. (See Doc. No. 30 at 3.)

Section 7426 "affords the exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another person's tax liability." *EC Term of Years Trust v. United States*, 550 U.S. 429, 433-34 (2007); see also *Smith v. N. Am. Specialty Ins. Co.*, 342 F. App'x 841, 843 (3d Cir. 2009).  In order to state a cause of action under this provision, the plaintiff must show that he has a fee simple or equivalent interest, a possessory interest, or a security interest in the property levied upon, that his interest in the property levied upon is superior to the interest of the United States, and that the levy was wrongful. *Gagliardi v. United States*, No. 91-0045, 1996 U.S. Dist. LEXIS 15593, at *12-15 (W.D. Pa. Oct. 2, 1996); see also *Texas Commerce Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir. 1990).  In addition, to state a claim for damages under 7426(h), a party must exhaust required administrative remedies as provided in Section 7433(d). 26 U.S.C. § 7426(h)(2) (incorporating rules of 28 U.S.C. § 7433(d) regarding exhaustion of administrative remedies).  "If these requirements are not satisfied, there will be no waiver of sovereign immunity, and the court will not have subject matter jurisdiction over the suit." *Slutter v. United States*, No. 11-1161, 2012 U.S. Dist. LEXIS 169339, at *11 (E.D. Pa. Nov. 29, 2012) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)).

---

[12] Section 7426 applies only to tax levies, and not tax liens. See 26 U.S.C. § 7426; *Wagner v. United States*, 545 F.3d 298, 302 (5th Cir. 2008.)  The Court will not decide whether the Plaintiffs' property is subject to a tax lien or levy in this case.  The issue is immaterial; Plaintiffs failed to exhaust the required administrative remedies required under Section 7426, and the Court may not exercise jurisdiction over their claims for damages.

"Treasury regulations specify the administrative remedies to exhaust." *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994). Administrative remedies for Section 7433, which are incorporated into Section 7426(h), see 26 U.S.C. § 7426(h)(2), are found in Treasury Regulation § 301.7433-1. *Id.* Treasury Regulation Section 301.7433-1 explains that no civil action may be maintained in any federal district court before the earlier of (1) the date a decision is rendered on an administrative claim filed in accordance with the regulation's requirements or (2) the date six months after the date an administrative claim is filed in accordance with the regulation's requirements, subject to the exception that the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations *if* an administrative claim is filed during the last six months of the period of limitations. 26 CFR § 301.7433-1(d). Thus, regardless of when a civil action may be properly filed, an administrative claim must be filed *before* a party may maintain an action in federal district court. See *id.* Failure to exhaust these proscribed administrative remedies deprives a district court of jurisdiction. *Venen*, 38 F.3d at 103.[13]

---

[13] Subsection (e) of 26 CFR § 301.7433-1 establishes procedures for an administrative claim. It states as follows:
> (1) Manner. An administrative claim for the lesser of $ 1,000,000 ($ 100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.
> (2) Form. The administrative claim shall include:
>> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
>> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
>> (v) The signature of the taxpayer or duly authorized representative.
> For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the

Plaintiffs seek damages from the United States pursuant to Section 7426(h). (see Doc. No. 1 at 5; Doc. No. 26 at 6-7.) Plaintiffs do not allege in their Complaint that they have exhausted their administrative remedies as required by Section 7426(h). (See generally Doc. No. 1.) Providing Plaintiffs an opportunity to amend their Complaint to allege exhaustion of administrative remedies would be futile, because, accepting as true Plaintiffs' allegations contained in Plaintiffs' responses and other filings (see Doc. No. 4; Doc. No. 10; Doc. No. 27 (appearing to cite Doc. No. 4)) regarding correspondence sent respecting the exhaustion of administrative remedies, Plaintiffs appear to implicitly concede that they have not exhausted their administrative remedies.[14] In their "Additional Response to Dismiss" (Doc. No. 27) Plaintiffs cite a letter, which was sent to Counsel for the United States, dated June 27, 2012, in which the Shahs requested an administrative remedy and stated "If you are not able to grant our request within 30 days, it is presumed that administrative remedies are exhausted[,]" (see Doc. No. 4 at 2). Such letter does not meet the procedural requirements for exhaustion of administrative remedies. See 26 CFR § 301.7433-1(e). Plaintiffs also have filed a letter, sent to the Area Director of IRS on August 16, 2012, in which the Shahs attempted to file an administrative claim for civil damages pursuant to Section 7426. (See Doc. No. 10.) While the second letter comes closer to complying with the required form of an administrative claim, both letters were sent *after* Plaintiffs filed suit in this Court. (Compare Doc. No. 4 and Doc. No. 10 with Doc. No. 1, filed Jun. 19, 2012.) Therefore, even accepting all of Plaintiffs' allegations as true, Plaintiffs have not exhausted their administrative remedies *prior* to filing suit, as Plaintiffs

---

Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

[14] Again, the Court notes that the allegations referenced are not contained in Plaintiffs' Complaint. For the purpose of this alternative argument, however, and considering Plaintiffs' *pro se* status, the Court will presume that these letters were sent as Plaintiffs allege in Document Numbers 4 and 10 as if Plaintiffs so alleged in their Complaint.

must do to properly exhaust their administrative remedies. See 26 CFR § 301.7433-1(d). This failure deprives this Court of jurisdiction to consider Plaintiffs claims pursuant to Section 7426. See *Stuler v. United States*, 301 F. App'x 104, 106 (3d Cir. 2008) (addressing claims pursuant to Section 7433, the exhaustion requirement of which is incorporated by Section 7426(h)). The Court thus lacks jurisdiction over Plaintiffs' Section 7426 claim because Plaintiffs' failed to exhaust their administrative remedies.

To the extent that the damages sought by Plaintiffs are punitive in nature, Section 7426 does not waive sovereign immunity for punitive damage claims, see 7426(h); see also *Armbruster v. United States*, No. 05-2375 (PLF), 2006 U.S. Dist. LEXIS 97491, at *9 (D. D.C. Nov. 17, 2006) (holding that similar language in 26 U.S.C. § 7433 does not provide a remedy of punitive damages, only compensatory damages up to a specified amount); *Kersting v. United States*, 818 F. Supp. 297, 303 (D. Haw. 1992) (holding that there is no statutory basis for punitive damages claim pursuant to Section 7426), and punitive damages against the United States are not available under the FTCA, see 28 U.S.C. 2674; *Michtavi v. United States*, 345 F. App'x 727, 730 n.1 (3d Cir. 2009). Because Plaintiffs' claims for damages are barred by the doctrine of sovereign immunity, the Court will grant Defendant's Motion to Dismiss.

## 2. Even Assuming a Basis for Subject Matter Jurisdiction Exists, Plaintiffs' Claims Are Barred by *Res Judicata*.

The United States argues that all of Plaintiffs' claims are barred by *res judicata* because the Shahs and Janum are seeking to re-litigate issues that were or could have been decided by the Court in *R.S. Carlin*. (See Doc. No. 18 at 4-6). Plaintiffs contend that *res judicata* does not apply to this case because the Court's default judgment in *R.S. Carlin* was not a final judgment on the merits, the issue of whether the IRS tax lien "can stick" to the property at issue was never

16

litigated, and because the Shahs were not parties to the previous suit and Janum "was not the 'taxpayer' defendant[.]" (Doc. No. 26 at 2).

*Res judicata* consists of "two preclusion concepts: 'issue preclusion' and 'claim preclusion.'" *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). While the former "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)) the latter "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit[,]'" *id.*, "because of a determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n.1. "Claim preclusion bars a party from litigating a claim that it *could have raised* or did raise in a prior proceeding in which it raised another claim based on the same cause of action." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 190 (3d Cir. 1999) (emphasis added). It therefore "gives dispositive effect to a prior judgment if a particular issue, although not litigated, *could have been raised* in the earlier proceeding." *Bd. of Tr. of Trucking Emps. of New Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992).

> Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action. *Centra*, 983 F.2d at 504. If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded.

*CoreStates Bank, N.A.*, 176 F.3d at 194. Here, despite the Plaintiffs' objections, each element of claim preclusion is satisfied.

First, the Court's Order of Default Judgment in *R.S. Carlin* was a final judgment for purposes of claim preclusion. In *R.S. Carlin*, the Court entered a default judgment against Janum

on April 2, 2012 (see 3:10-cv-272, Doc. No. 30), which it reaffirmed over Mr. Shah's objections
(see 3:10-cv-272, Docs. No. 32, 41, 43). A default judgment is a final judgment with *res
judicata* effect. *Riehle v. Margolies*, 279 U.S. 218, 225 (1929); see also *Wilson v. Reliance Ins.
Co.*, 138 F. App'x 457, 459 (3d Cir. 2005) (citing *Morris v. Jones*, 329 U.S. 545, 550-51 (1947))
("Unlike collateral estoppel, a default judgment can support a claim of res judicata."). Thus,
Plaintiffs' assertion that no final judgment was issued in *R.S. Carlin* (see Doc. No. 26 at 3) is
incorrect and Plaintiffs' attempts to distinguish caselaw providing otherwise (see Doc. No. 31 at
2-3) are not persuasive.[15]

    Second, the parties in this case are the same parties or their privities as in *R.S. Carlin*.
Janum, one of the Plaintiffs in this case, was a defendant in *R.S. Carlin* against whom the Court
issued a default judgment (see 3:10-cv-272, Doc. No. 1; 3:10-cv-272, Doc. No. 30), and
therefore the "same party" requirement is met as to Janum. Plaintiffs argue that because Peter
and Jasmine Shah were not parties to *R.S. Carlin*, they should not be bound by the judgment in
that case. (See Doc. No. 26 at 2, 4). Although the Shahs were not named parties in *R.S. Carlin*,
the Court finds they were in privity with Janum in *R.S. Carlin*.

    The Supreme Court has identified certain circumstances in which nonparty preclusion
may be justified. One such circumstance is where there is a "pre-existing substantive legal

---

[15] It is unclear what argument Plaintiffs seek to make through their assertion that Janum "was not the 'taxpayer'
defendant" in *R.S. Carlin*, however, the Court notes that a default judgment was entered not only against R.S. Carlin
(see 3:10-cv-272, Doc. No. 27) but also against Janum (see 3:10-cv-72, Doc. No. 30). In arguing that no final
judgment was issued in this case, Plaintiffs cite *GE Business Financial Services Inc. v. Grove Street Realty Urban
Renewal, L.L.C.*, No. 10-2279, 2011 U.S. Dist. LEXIS 117042 (D. N.J. Oct. 11, 2011), for the proposition that "the
issue must have been actually litigated[.]" (See Doc. No. 26 at 3); *GE Bus. Fin. Servs. Inc. v. Grove St. Realty
Urban Renewal, L.L.C.*, No. 10-2279, 2011 U.S. Dist. LEXIS 117042, at *9 (D. N.J. Oct. 11, 2011). However, this
language from *GE Business* concerns collateral estoppel—not claim preclusion—which, as explained above,
requires the actual litigation of issues, whereas claim preclusion does not.

relationship between the person to be bound and a party to the judgment." [16] *Taylor*, 553 U.S. at 894 (internal alterations and citations omitted). Qualifying relationships include preceding and succeeding owners of property. *Id.*; see also Restatement (Second) of Judgments § 43 ("A judgment in an action that determines interest in real or personal property . . . [w]ith respect to the property involved in the action . . . [c]onclusively determines the claims of the parties to the action regarding their interests; and . . . [h]as preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself."); *Staples v. Ruyter Bay Land Partners, LLC*, No. 2005-11, 2007 U.S. Dist. LEXIS 90806, at * 12-16 (D.V.I. Dec. 10, 2007) (applying Restatement (Second) of Judgments § 43). Although there "are some situations in which a successor who takes the interest while litigation is pending may not be bound by the judgment[,] . . . [a]t least where the successor takes the interest with knowledge of the pending action . . . the successor is bound by the judgment." *McFadden, Inc. v. Bechtel Power Corp.*, No. 85-6945, 1986 U.S. Dist. LEXIS 27250, at *19 (E.D. Pa. Apr. 3, 1986) (citing Restatement (Second) of Judgments §§ 43 & 44) (internal citations omitted).

In the previous action, Peter Shah attempted to appear on behalf of Janum, which he identified as a limited partnership between himself and his wife, Jasmine Shah. (See 3:10-cv-232, Doc. No. 23 at 2.) Peter Shah attempted to represent Janum as managing member of the entity with full authorization "to carry out any real estate/property/lease transaction on behalf of Janum[,]" "to file any legal papers" on behalf of Janum, and to represent Janum in legal and financial matters, with the consent and authorization of his wife as the sole other member of

---

[16] Acknowledging that the term "privity" may be used to refer to substantive legal relationships justifying preclusion, but has come to be used more broadly as a way to express the conclusion that nonparty preclusion is appropriate on any ground, the Supreme Court avoided using the term in *Taylor v. Sturgell*, 553 U.S. 880 (2008) as a means of avoiding confusion. *Taylor v. Sturgell*, 553 U.S. 880 , 894 n.8 (2008). This Court will use the term "privity" only with respect to the conclusion that nonparty preclusion is or is not appropriate.

Janum. (See, e.g., 3:10-cv-232, Doc. No. 23 at 1, 5; 3:10-cv-232, Doc. No. 23-1.) Even assuming, as the Court must when ruling on a Motion to Dismiss pursuant to Rule 12(b)(6), that the conveyance of the Real Property in question from Janum to the Shahs was valid, the Shahs do not, and cannot, allege that they succeeded to Janum's interest in the Real Property without knowledge of the *R.S. Carlin* action.    Thus, the Shahs, as succeeding owners of the Real Property that was the subject of the *R.S. Carlin* matter who had knowledge of the *R.S. Carlin* litigation at the time they took interest in the Real Property from Janum, are in privity with Janum and are bound to the determination in *R.S. Carlin* to the same extent as Janum.

Third, this case is based on the same cause of action as *R.S. Carlin*. In deciding whether two suits are based on the same "cause of action," the Third Circuit takes a broad view of what constitutes identity of causes of action. *CoreStates Bank, N.A.*, 176 F.3d at 194. "A single cause of action may comprise claims under a number of different statutory and common law grounds." *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982). Although there is no simple test to be used in determining what constitutes a cause of action for *res judicata* purposes, *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)), the Third Circuit looks "to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims[,]'" *CoreStates Bank, N.A.*, 176 F.3d at 194 (quoting *Athlone*, 746 F.2d at 984), rather than the specific legal theory involved, *Davis*, 688 F.2d at 171. This principle is "in keeping with 'the present trend . . . of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Athlone*, 746 F.2d at 984; see also Restatement (Second) of Judgments § 24 cmt. a ("The present trend is to see [a] claim in factual [as opposed to legal] terms and to make it coterminous with the transaction regardless of

20

the number of substantive theories, or variant forms of relief flowing from these theories, that may be available to the plaintiff . . . .). Simply put, claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Sports Factory, Inc. v. Chanoff*, 586 F. Supp. 342, 347 (E.D. Pa. 1984) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

In examining whether there is "an essential similarity of the underlying events," factors to be considered include "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol*, 929 F.2d at 963 (quoting *Athlone*, 746 F.3d at 984). Mere reliance on different statutes in each action, the assertion of different theories of recovery, or the request for different forms of relief does not, in and of itself, render a party's claims different causes of action for *res judicata* purposes. See *Athlone*, 746 F.2d at 984.

The essence of both *R.S. Carlin* and the instant suit is the determination of whether federal tax liens attach to the Real Property and, if so, whether the United States may foreclose its liens against the Real Property. (See generally Doc. No. 1; 3:10-cv-272, Doc. No. 1.) Thus, both suits arise out of the same transaction/series of transactions: the tax deficiency on the Real Property, the sale of the Real Property by Clearfield County, and the filing and existence of the federal tax liens on the property. In both *R.S. Carlin* and the instant case, the act complained of is the United States' attempt to foreclose tax liens on Real Property that Plaintiffs (and in *R.S. Carlin*, Defendant Janum, albeit unsuccessfully through Mr. Shah,) allege the United States has no right to foreclose upon. The documentation necessary to prove the attachment or non-attachment of the federal tax liens and the right of the United States to foreclose these liens on

21

the Real Property in both *R.S. Carlin* and the instant suit would consist of the same documents, likely including ownership deeds, sale documents, Notice of Federal Tax Liens, recording documents, and documents establishing priority of liens on the land.

Some forms of relief Plaintiffs seek here were not sought by Janum in defending against the United States' claims in R.S. Carlin. However, because the type of relief sought is not dispositive, see *Athlone*, 746 F.2d at 984, this does not prevent the instant matter from meeting the same cause of action requirement. Additionally, in the instant matter, Plaintiffs argue that the United States' lien lost priority to the Shahs' interest because the United States failed to re-file a Notice of Federal Tax Lien on the Real Property within a proscribed time period. (Doc. No. 1 at 3-4). It appears that this theory was not asserted in *R.S. Carlin*.[17] Nonetheless, the fact that "a later-filed suit includes new allegations will not prevent preclusion where the allegations involve 'fundamentally similar' issues and are alleged against the same parties as in the earlier action." *Ally Fin., Inc. v. Mente Chevrolet Oldsmobile, Inc.*, No. 11-7709, 2012 U.S. Dist. LEXIS 141111, at *11 (E.D. Pa. Sept. 28, 2012). Here, the expiration of the Notice of Federal Tax Lien on which Plaintiffs rely, however, dates to November 2011. (See Doc. No. 1 at 4, 10.) *R.S. Carlin* was not resolved with respect to Defendant Janum until April 2012. (See 3:10-cv-272, Doc. No. 30.) The alleged expiration of the Notice of Federal Tax Lien therefore could have, and should have, been raised either as a defense, or a counterclaim, as appropriate by Janum in *R.S. Carlin*. Cf. *Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345, 348 (3d Cir. 1984) (applying California law but citing Restatement (Second) of Judgments § 22(2) as support

---

[17] The Court notes that Mr. Shah appeared to raise this issue in *R.S. Carlin* following this Court's Order of Default Judgment against Janum (see Doc. No. 35), but this filing was struck by the Court and has since been sealed. For the purposes of this discussion, the Court does not consider arguments contained in filings struck from the record or filings that have been struck and sealed. In any event, having explicitly raised the issue in a previous suit does not provide support for Plaintiffs' position that their claim is not barred by *res judicata*.

for the proposition that a compulsory counterclaim *or an affirmative defense*, such as a defendant's right to compel arbitration, that is not asserted by a defendant is barred from being raised affirmatively in another proceeding by *res judicata*). This matter is plainly the Shahs attempt to circumvent the Court's repeated orders that they could not represent Janum as *pro se* litigants (see, e.g., 3:10-cv-272, Doc. No. 32) and to re-litigate issues that should have been and could have been raised in *R.S. Carlin*; therefore claim preclusion warrants dismissal of Plaintiffs' case.[18]

It appears that Plaintiffs' present legal theory respecting the expiration of the Notice of Federal Tax Lien was not a compulsory counterclaim within the meaning of Rule 13(a) because the Notice did not expire before, and therefore Plaintiffs' present legal theory did not exist, at the time Janum attempted to file (although unsuccessfully) a responsive pleading in *R.S. Carlin*.[19] See Fed. R. Civ. Pro. 13(a)(1) (requiring that a pleading state as a counterclaim any claim that— at the time of its service—the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require adding another party over whom the court cannot acquire jurisdiction.) The Court also notes that Janum, the party in *R.S. Carlin* whose relationship with the Plaintiffs in this case satisfies the "same party or their privities" requirement of claim preclusion, was a Defendant in *R.S. Carlin*, and, together with the Shahs, is a Plaintiff in the instant matter. However, neither the fact that Plaintiffs' present legal theory may not qualify as not a compulsory counter claim in

---

[18] That there were no findings of fact in R.S. Carlin has no bearing on the "same cause of action" inquiry. See *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("default judgment can support a claim of res judicata"); (see also Doc. No. 26 at 4 (appearing to assert that absence of findings of fact in prior suit precludes a finding that this case is based on the same cause of action in as R.S. Carlin)).

[19] Janum failed to file an Answer in *R.S. Carlin*. The responsive pleading herein referenced is the "Answer" improperly filed by Mr. Shah on behalf of Janum (see 3:10-cv-272, Doc. No. 8), which was later struck by the Court (see 3:10-cv-272, Doc. No. 26). The Court does not decide if or when Plaintiff's present claim became a compulsory counterclaim because, for reasons explained *infra*, Plaintiffs' claims are barred by claim preclusion irrespective of whether their claims were compulsory counterclaims in *R.S. Carlin*.

*R.S. Carlin* or Janum's status in *R.S. Carlin* as a defendant and Janum's and the Shahs' status as

plaintiffs in the instant matter prevents the present action from being based on the same cause of

action as *R.S. Carlin*.

The Restatement (Second) of Judgments § 22, cited by the Third Circuit in *Corestates*

*Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 200 (3d Cir. 1999), and applied by other courts

within and outside the Third Circuit, see *In re Iannochino*, 242 F.3d 36 (1st Cir. 2001); *Ally*

*Fin.., Inc.* 2012 U.S. Dist. LEXIS 141111, at \*20-25; *GGIS Ins. Servs. v. Lincoln Gen. Ins. Co.*,

No. 1:10-cv-1000, 2012 U.S. Dist. LEXIS 49348, at \*20-21 (M.D. Pa. Apr. 9, 2012), provides

that where a defendant may interpose a claim as a counterclaim but fails to do so, he is not

precluded from subsequently maintaining an action on that claim, see Restatement (Second) of

Judgments § 22, subject to the following two exceptions:

> First, a defendant cannot bring a claim in a later proceeding if it could have been
> brought as a compulsory counterclaim in an earlier proceeding to which a
> compulsory counterclaim statute or rule applied. See § 22(2)(a). . . . Second, [and
> relevant here,] a defendant in a case that proceeds to judgment cannot bring a later
> claim if "the relationship between the counterclaim and the [later] claim is such
> that successful prosecution of the second action would nullify the initial judgment
> or would impair rights established in the initial action." See § 22(2)(b).

*CoreStates Bank N.A.*, 176 F.3d at 200 n.13 (second alteration in original).

Here, if Plaintiffs succeed in prosecuting any of their claims, which relate to rightful

possession of the Real Property and sums due as a result of allegedly wrongful actions taken with

respect to the United States' assertion of rights over the Real Property (see generally, Doc. No.

1), the effect would be to nullify the judgment and to impair the rights established in the United

States in *R.S. Carlin*, see Restatement (Second) of Judgments § 22, cmt. f (successful

prosecution of a subsequent action would nullify the initial judgment where it would deprive the

plaintiff in the first action of property rights vested in him under the initial judgment).

24

Therefore, because Plaintiffs' success would have the effect of nullifying the judgment in *R.S. Carlin* and impairing rights established in that action *and* all of the elements of claim preclusion are met, Plaintiffs' claims are barred by *res judicata*. Because all of Plaintiffs' claims are barred by *res judicata*, the United States' Motion to Dismiss would be granted even if Plaintiffs successfully amended their Complaint to allege exhaustion of administrative remedies with respect to their claims for damages or clearly articulated a basis for subject matter jurisdiction with respect to their claims in which they seek relief other than damages. Therefore, the Court will grant the United States' Motion to Dismiss as to all of Plaintiffs' claims, without leave to amend.

## B. The United States' Failure to File an Answer to Plaintiffs' Complaint

Citing Federal Rules of Civil Procedure 6(a) and 12, Plaintiffs assert they are entitled to a default judgment for "the [G]overnment's failure to file an answer to [Plaintiffs'] [C]omplaint." (Doc. No. 26 at 1 n.1.) This argument is without merit even assuming the Court has jurisdiction over Plaintiffs' claims. Federal Rule of Civil Procedure 12 requires the United States to serve an answer to a complaint within 60 days after service on the United States attorney. Fed. R. Civ. Pro. 12(a)(2). However, pursuant to subsection 4 of Rule 12(a), serving a motion under Rule 12 alters the time to serve a responsive pleading. When a Rule 12 motion is served, unless the court sets a different time for filing a responsive pleading, the responsive pleading must be served within 14 days after notice of the court's action if the court denies or postpones disposition of the motion, see Fed. R. Civ. P. 12(a)(4)(A), or within 14 days after a more definite statement is served if the court grants a motion for a more definite statement, see Fed. R. Civ. P. 12(a)(4)(B). Such a motion must be made before pleading if a responsive pleading is allowed. See Fed. R. Civ. Pro. 12(b).

25

Here, the United States Attorney was served with Plaintiffs' Complaint on August 6, 2012. (See Doc. No. 3.) In lieu of filing an Answer, the United States moved to dismiss Plaintiffs' Complaint on October 4, 2012—within 60 days of service of Plaintiffs' Complaint on the United States' Attorney. Pursuant to Rule 12(a)(4), the United States' timely filing of a Rule 12(b)(6) motion modified the date on which the United States is required to serve an answer under the Federal Rules. Consequently, Plaintiffs are not entitled to a default judgment because the United States has not yet filed or been required to file an answer.

## C. Plaintiffs' Motion to Amend

Plaintiffs filed their Motion to Amend to add "fraud and slander" charges and "additional claims as here under mentioned" to their Complaint. (See Doc. No. 24 at 1.) For these claims, Plaintiffs demand damages in the amount of $1,000 a day from November 18, 2008 until the "Order of Sale" is void, plus another $1,000,000 in damages. (Doc. No. 24 at 3.) The United States opposes the Plaintiffs' Request on the grounds that Plaintiffs' proposed amendment is futile and could not survive a motion to dismiss because Plaintiffs' claims are barred by the doctrine of sovereign immunity. (See Doc. No. 25 at 1). Initially, the Court notes that Plaintiffs' have failed to file a proposed Amended Complaint with their Motion to Amend, and Plaintiffs legal and factual theories are not immediately clear from reading Plaintiffs' Motion to Amend. Nonetheless, the Court finds that granting Plaintiffs leave to amend their Complaint would be futile. Plaintiffs' proposed claims are barred by the doctrine of sovereign immunity for the same reasons the damage claims in Plaintiffs' Complaint are barred by the doctrine of sovereign immunity: Plaintiffs do not have a tort claim under the FTCA because Congress has not waived sovereign immunity for claims arising from the collection of taxes, see 28 U.S.C. § 2680(c), and Plaintiffs have not, and cannot, allege that they have exhausted their administrative remedies as

26

required to state a claim pursuant to Sections 7433 and 7426(d) of the United States Code, without which there is no waiver of sovereign immunity by Congress, and no subject matter jurisdiction in this Court. See *Slutter v. United States*, No. 11-1161, 2012 U.S. Dist. LEXIS 169339, at \*11 (E.D. Pa. Nov. 29, 2012) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). As such, the Court will deny Plaintiffs' Motion to Amend.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint will be dismissed without leave to amend, as granting Plaintiffs leave to amend their Complaint would be futile. Plaintiffs' Motion to Amend will accordingly be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

JASMINE P. SHAH,                              )
PETER I. SHAH, and                            )
JANUM MANAGEMENT, LLC,                         )
                                              )
         Plaintiffs,          )    CIVIL ACTION NO. 3:12-cv-119
                                              )    JUDGE KIM R. GIBSON
   v.                                       )
                                              )
UNITED STATES OF AMERICA,                      )
                                              )
         Defendant.           )

## ORDER

**AND NOW**, this 3rd day of May  2013, this matter coming before the Court on the

United States' "Motion to Dismiss" (Doc. No. 17), and Plaintiffs' opposition thereto, and

Plaintiffs' "Request to Amend Complaint" (Doc. No. 24), and the United States' opposition

thereto, in accordance with the foregoing Memorandum **IT IS HEREBY ORDERED** that the

United States' Motion to Dismiss (Doc. No. 17) is **GRANTED** and Plaintiffs' "Request to

Amend Complaint" (Doc. No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' remaining motions (Doc. Nos. 8, 15, and

45) are **DENIED AS MOOT**.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

28